Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
**FERMIN VENTURA**

                               **Plaintiff**

**v.**                                                     **COMPLAINT**
                                                        Index No.

                                                        **JURY TRIAL**
                                                        **DEMANDED**

**KASH MIFTARI, BESNIK STEVIE MIFTARI, BLERIM BILLY**
**MIFTARI, DASHNOR DANNY MIFTARI, Individually, and**
**PRONTO PIZZA 01 LLC**

                              **Defendants.**
----------------------------------------------------------------------x

1. Plaintiff Fermin Ventura ("Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, seeks the recovery of unpaid minimum wage, overtime and related damages, while employed by Kash Miftari ("Kash"), Besnik Stevie Miftari ("Steve"), Blerim Billy Miftari ("Billy"), Dashnor Danny Miftari ("Danny") (collectively "Individual Defendants"), and Pronto Pizza 01 LLC ("Pronto Pizza") (all Defendants are hereinafter listed collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff, a resident of New York State, was employed as a food prep worker from April 2018 through March 2021.  Plaintiff was employed by Defendants during the relevant limitations periods.

4. Defendant Pronto Pizza is a New York Corporation and is a restaurant with 5 locations in Staten Island, including where Plaintiff worked at 1077 Bay Street, Staten Island, 10305

5. Upon information and belief, Pronto Pizza has an annual gross volume of sales in excess of $500,000.00.

6. At all relevant times, Pronto Pizza has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

7. Upon information and belief, Individual Defendants are the owners and operators of Pronto Pizza.

8. Upon information and belief, Individual Defendants exercise control over Pronto Pizza's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

9. Individual Defendants were employers of Plaintiff during the relevant time period.

10. Individual Defendants describe themselves as owners of Pronto Pizza.[1]

11. Defendant Billy Miftari lists himself the CEO of Pronto Pizza on Linkedin.[2]

## JURISDICTION AND VENUE

---

[1] Pronto pizza carves out a bigger slice of Staten Island's pie - silive.com
[2] Blerim Billy Miftari - CEO - Pronto Pizza | LinkedIn

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

14. Defendants committed the following alleged acts knowingly, willfully and intentionally.

15. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff would economically injure Plaintiff and violated state and federal laws.

16. Plaintiff worked at Defendants' location at 1077 Bay Street, Staten Island, 10305

17. Throughout his employment, Plaintiff regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

18. Until March 2020, Plaintiff generally worked 6 days per week, working from 11:00 am until 11:00 pm (4 days per week), and from 11:00 am until 12:00 pm (2 days per week).

19. During this time period, Plaintiff was paid a flat cash rate of $700.00 per week, regardless of hours worked.

20. After March 2020, Plaintiff generally worked 5 days per week, working from 11:00 am until 10:00 pm (3 days per week), and from 11:00 am until 11:00 pm (2 days per week).

21. During this time period, Plaintiff was paid a flat cash rate of $650.00 per week, regardless of hours worked.

22. By paying Plaintiff a flat weekly rate, Defendants willfully violated the New York State Hospitality Industry Wage Order, which mandates that employers pay employees an hourly wage rate.

23. Plaintiff was never paid time and a half for his hours over 40 per week.

24. Plaintiff was paid weekly.

25. Plaintiff did not receive a meal break.

26. Plaintiff did not have to sign in and out at work, and Defendants did not track his hours.

27. Defendants failed to provide Plaintiff with a written notice of rate of pay and failed to keep proper payroll records as required under New York law.

28. Individual Defendants fired Plaintiff and set Plaintiff's weekly schedule.

29. The Individual Defendants reduced Plaintiff's work hours and pay during the pandemic from 6 days per week to 5 days per week.

**FIRST CAUSE OF ACTION**
**New York Labor Law-Minimum Wage Violations**

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

4

31. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

32. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

33. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

34. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Violations

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff.

37. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

38. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and are

entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### THIRD CAUSE OF ACTION
**New York Labor Law-Overtime Violations**

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

41. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

42. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

43. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation

### FOURTH CAUSE OF ACTION
**New York Labor Law-Record Keeping Violations**

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

46. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly rate as required by NYLL § 195.

47. Defendants' failure to make, keep and preserve accurate records was willful.

48. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## **PRAYER FOR RELIEF**

49. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Penalties available under applicable laws;

    d. Costs of the action incurred herein, including expert fees;

    e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    f. Pre-judgment and post-judgment interest, as provided by law; and

    g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York  
   June 24, 2021

Respectfully submitted,

The Klein Law Group P.C.

By:  /s/ Darren Rumack  
   Darren P.B. Rumack  
   39 Broadway, Suite 1530,  
   New York, NY 10006  
   Phone: 212-344-9022  
   Fax: 212-344-0301  
   *Attorneys for Plaintiff.*